FILED
Apr 07, 2022
08:21 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**COURT OF WORKERS' COMPENSATION CLAIMS**
**AT MEMPHIS**

| | | |
|---|---|---|
| CARLA SCRUGGS, | ) | Docket No. 2021-08-0875 |
| Employee, | ) | 2021-08-0876 |
| v. | ) | |
| AMAZON, | ) | State File No. 39617-2021 |
| Employer, | ) | 800483-2021 |
| And | ) | |
| AMERICAN ZURICH INS. CO., | ) | Judge Deana C. Seymour |
| Carrier. | ) | |

_____

**EXPEDITED HEARING ORDER**

_____

The Court held an Expedited Hearing on March 16, 2022. Ms. Scruggs sought medical and temporary disability benefits for a torn meniscus in her left knee. Amazon argued her claims were barred by her failure to give proper notice of her injury. For the reasons below, the Court holds Ms. Scruggs is likely to prevail at a hearing on the merits regarding continued medical treatment for her left knee. However, she is not likely to prevail on the issue of temporary disability benefits at this time.

**History of Claim**

Ms. Scruggs felt a pop and pain in her left knee while working for Amazon on April 9, 2021, but did not notify Amazon about her injury at the time. Instead, she finished her shift, self-treated her knee, and continued working for days without seeking authorized medical treatment.

Three weeks later, Ms. Scruggs injured her left knee again after slipping on a wet substance on the floor at work on April 30. After the April 30 incident, she notified her supervisor about both incidents. In response, Amazon provided a panel of physicians, from which Ms. Scruggs selected Dr. Frederick Wolf.

When Dr. Wolf saw Ms. Scruggs on May 5, he noted that she presented for an evaluation of her April 9 left-knee injury but did not mention the April 30 injury. He wrote, "[s]he was putting totes on the line, as she pivoted, she felt a pop in her left knee and has

1

had difficulty since that time." He ordered an MRI and placed Ms. Scruggs on sedentary duty.

The MRI revealed a lateral meniscus tear, and Dr. Wolf recommended surgery. However, Amazon denied the April 9 claim on May 15, citing late reporting.[1] Amazon did not file a Notice of Denial for the April 30 claim but argued that it was a continuation or aggravation of the April 9 injury.

Ms. Scruggs testified that she did not notify Amazon of the April 9 incident because she did not think she was seriously injured. She stated she left work every day with aches and pains. She worked on a concrete floor and stood ten hours a day, so it was not unusual for her to take over-the-counter medication or perform other self-care measures after a day at work. The self-care she performed after the April 9 incident, which included taking over-the-counter medication, soaking in an Epsom salt bath, and applying heat and ice packs to her knee, eased her pain and enabled her to keep working.

However, when she slipped on April 30, she knew that she required medical attention. Additionally, unlike after the April 9 injury when she could still perform her job, Dr. Wolf placed her on sedentary duty, and she has been working in a modified capacity. Dr. Wolf's work restrictions and surgical recommendation were based on Ms. Scruggs's history that she injured her knee at work.

Amazon contended that Ms. Scruggs's claims were barred by her failure to provide proper notice of the first injury. It argued that it was prejudiced by the lack of notice, as it could not investigate the claim or provide treatment for the initial injury. It also argued that the April 30 incident was an aggravation of the April 9 injury and should likewise be barred. For these reasons, it denied her requests for both claims.

### Findings of Fact and Conclusions of Law

Ms. Scruggs must present sufficient evidence she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

The threshold issue is whether Ms. Scruggs gave timely notice of her injuries. Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer

---

[1] Dr. Wolf did not find out about the denial until June 8. He saw Ms. Scruggs several times after the claim was denied, and the MRI was performed after the denial. He mentioned that he would continue to see her under her private insurance, but it is not clear whether this occurred.

had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal." In addition, section 50-6-201(a)(3) states that "[n]o defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice."

When the employer raises lack of notice as a defense, the burden is on the employee to show either the employer had actual notice, that she provided notice, or that her failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014). Our Appeals Board explained the notice requirement "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Id.* Guided by this authority, the Court must determine whether Ms. Scruggs met her burden of proof.

The Court first finds Amazon had no "actual notice" of the injury. As to whether Ms. Scruggs provided notice to Amazon within fifteen days, she admitted she did not provide notice of her alleged April 9 injury until April 30. So, the Court finds she did not provide timely notice.

Turning to whether Ms. Scruggs had a reasonable excuse for her failure to provide timely notice, the Court finds she did. Ms. Scruggs testified that aches and pains from standing on a concrete floor for ten hours were normal for her. After her knee popped on April 9, she followed her typical protocol of taking over-the-counter medication, soaking in an Epsom salt bath, and applying heat and ice packs. This regimen eased her pain to the point where she did not need medical treatment for her knee between April 9 and April 30. She continued to work during this period.

According to Ms. Scruggs, it was not until she slipped on April 30 that she knew she needed medical attention, and she immediately reported the injury. She also mentioned the April 9 incident, missing the fifteen-day reporting requirement by six days. Based on the facts, Ms. Scruggs showed to the satisfaction of the Court a reasonable excuse for her failure to provide timely notice of the April 9 incident.

These same facts further support a finding that Amazon was not prejudiced by Ms. Scruggs's failure to provide timely notice of the April 9 incident. Ms. Scruggs reported her injury just six days after the statutory notice window and did not seek medical treatment or miss any work between April 9 and April 30.

Further, Amazon presented no evidence of any actual prejudice to its ability to defend this claim. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper

3

treatment for the injured employee. *Masters v. Indus. Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980). However, while Amazon generally claimed the late notice prejudiced its ability to investigate the claims, it failed to provide specifics. *See also Hannah v. Senior Citizens Home Assistance Serv., Inc.,* 2022 TN Wrk. Comp. App. Bd. LEXIS 15, at *16-17 (Mar. 28, 2022) (Trial court correctly found employer showed no actual prejudice as a result of delayed notice, where the employer offered no evidence of the asserted prejudice.)

Thus, the Court cannot find Ms. Scruggs's failure to report the injury within fifteen days resulted in a serious impediment to investigating the claim or providing treatment. Therefore, the Court holds that Ms. Scruggs is likely to prevail at a hearing on the merits on notice. This holding, however, does not end the inquiry.

*Medical Benefits*

Ms. Scruggs asks the Court to order Amazon to authorize the surgery recommended by Dr. Wolf. To do so, the Court must determine whether Ms. Scruggs is likely to prevail on the issue of whether her alleged injury arose primarily out of and in the course and scope of her employment. She must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

The only medical proof introduced was Dr. Wolf's records. While Dr. Wolf did not provide a causation opinion that would satisfy the above definitions, his records do suggest that Ms. Scruggs's need for medical treatment arose from an incident at work. Moreover, she selected Dr. Wolf from a panel, so he is considered her authorized treating physician.

Both the April 9 and April 30 incidents occurred at work. The only defense for the April 9 injury was a lack of notice, which has been addressed, and Amazon did not complete a Notice of Denial for the April 30 claim. Therefore, Ms. Scruggs appears likely to prevail on her claim for continued medical treatment with Dr. Wolf for any condition found to arise primarily out of her employment. However, issues over the precise cause of the meniscal tear still loom. Thus, the Court is unable to order the requested surgery at this time.

*Temporary Disability Benefits*

Ms. Scruggs also seeks temporary disability benefits. To prove entitlement to these benefits, she must show (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk.

Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). For temporary partial disability benefits, she must show that her treating physician returned her to work with restrictions that Amazon either could not or would not accommodate. *Id.* at *8.

Ms. Scruggs has continued to work modified duty for Amazon and has presented no evidence that she is earning less while working in this capacity. Thus, the Court holds she is unlikely to prevail at a hearing on her claim for temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon or its workers' compensation carrier shall provide continued medical treatment with Dr. Frederick Wolf for any condition to her left knee found to arise primarily out of her employment.

2. Ms. Scruggs is not entitled to any temporary disability benefits at this time.

3. This case is set for a Scheduling Hearing on **June 6, 2022, at 10:00 a.m**. **central time.** You must call 615-532-9550 or toll-free at 866-943-0014. Failure to call might result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

ENTERED April 7, 2022.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical Record
1. Petition for Benefit Determination (for date of injury April 9, 2021)
2. Petition for Benefit Determination (for date of injury April 30, 2021)
3. Dispute Certification Notice, along with additional issues raised by parties (for date of injury April 9, 2021)
4. Dispute Certification Notice, along with additional issues raised by parties (for date of injury April 30, 2021)
5. Hearing Request for April 9, 2021 injury, along with Ms. Scruggs's Affidavit
6. Hearing Request for April 30, 2021 injury, along with Ms. Scruggs's Affidavit
7. Motion to Dismiss for Failure to State a Claim (regarding April 9, 2021 injury)
8. Order Setting Expedited Hearing (for both injuries)
9. Employer's Motion for Continuance of Expedited Hearing
10. Order on Employer's Motion for Continuance
11. Joint Motion to Revise Scheduling Order
12. Employer's Motion for Summary Judgment
13. Order on Joint Motion to Revise Scheduling Order
14. Employee's Response in Opposition to Employer's Motion for Summary Judgment

Exhibits
1. Medical records from OrthoSouth, including MRI report of May 24, 2021
2. Notice of Denial
3. Employee's Choice of Physician form selecting Dr. Frederick Wolf
4. Employee's Responses to Amazon's Interrogatories and Requests for Production for the April 9, 2021 claim
5. Employee's Responses to Amazon's Interrogatories and Requests for Production for the April 30, 2021 claim
6. Employee's Recorded Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 7, 2022.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Jonathan May, Employee's Attorney | | | X | jmay@forthepeople.com |
| Colleen Morris, Employer's Attorney | | | X | cmmorris@mijs.com cjstatham@mijs.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*